IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD SATERSTAD,** | : | CIVIL ACTION NO. 1:06-CV-2070 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **KEVIN STOVER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 15th day of November, 2006, upon consideration of the motion to dismiss (Doc. 6), filed by defendants Kevin Stover and Kelly Stover, and it appearing that plaintiff has filed an amended complaint (see Doc. 9), see FED. R. CIV. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."),[1] and that the amended complaint renders the previous complaint a legal nullity, see Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of the lawsuit."); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE

---

[1] The court notes that plaintiff filed an amended complaint in state court before defendants removed the above-captioned action to federal court. See, e.g., Thomason v. Norman E. Lehrer, P.C., 182 F.R.D. 121, 128 n.2 (D.N.J. 1998) (stating that an amended complaint in state court does not prevent a plaintiff from amending the complaint once without leave of court under Rule 15(a) of the Federal Rules of Civil Procedure after the case is removed to federal court). But see Whitehead v. Viacom, 233 F. Supp. 2d 715, 719 (D. Md. 2002) (requiring a plaintiff to seek leave of court to amend the complaint in removed case where the plaintiff had amended the complaint in state court).

§ 1476 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."), it is hereby ORDERED that motion to dismiss (Doc. 6) is DENIED as moot.[2]

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[2] Although the arguments in the motion to dismiss are largely unaffected by the amended complaint, the court will deny the motion as moot because it is not yet fully briefed. No opposition has been filed because the brief in support was recently filed on November 8, 2006. Denying the motion as moot at this stage will allow defendants to address the new allegations in the amended complaint. Nothing in this order prevents defendants from re-filing the instant motion.