IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD SATERSTAD,** | : | CIVIL ACTION NO. 1:06-CV-2070 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **KEVIN STOVER**, et al., | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is a motion to remand (Doc. 12) in which *pro se* plaintiff, Edward Saterstad ("Saterstad"), asserts that defendants improperly removed the above-captioned action, commenced originally in the Court of Common Pleas of Dauphin County. Saterstad contends that all of the defendants did not join in the notice of removal (Doc. 1), filed by defendants Kevin Stover and Kelly Stover (collectively, "the Stovers"), and that this procedural defect requires remand. For the following reasons, the court agrees and will grant the motion to remand.

**I.  Statement of Facts**

On May 4, 2006, Saterstad instituted the above-captioned action in the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. 4.) The original complaint alleged breach of contract against the Stovers and defendants Henry Klugh ("Klugh") and Mark Amway ("Amway") and sought punitive damages. (Doc. 4-14.) Saterstad filed an amended complaint, adding a claim under the

federal Racketeering Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. §§ 1961-1968. (Doc. 1, Ex. A.)

On October 19, 2006, the Stovers removed the case to this court (Doc. 1), asserting federal subject matter jurisdiction over the RICO claim. See 28 U.S.C. § 1441(b). The certificate of concurrence/non-concurrence accompanying the notice of removal indicated that the Stovers had sought and obtained the concurrence of Amway, but that they did not obtain the concurrence of Klugh because he had not entered an appearance in the action. (Doc. 4-23.) On November 20, 2006, Saterstad filed a motion to remand (Doc. 12), asserting that procedural defects of the removal require remand.[1] The motion has been fully briefed and is now ripe for disposition.

## II.  Discussion

Removal serves as a procedural method by which defendants, brought before a state tribunal on claims otherwise within the scope of federal jurisdiction, may compel transfer of the case to federal court. See 28 U.S.C. § 1441(a); Allbritton Communications Co. v. NLRB, 766 F.2d 812, 820 (3d Cir. 1985). Once the defendant removes the case to federal court, the plaintiff may challenge the action through a motion to remand. See 28 U.S.C. § 1447(c). All procedures to effect removal must be followed, including the requirement that all defendants must join in the removal

---

[1] Saterstad filed a second amended complaint in this court on November 13, 2006. (See Doc. 9.)

2

petition (also known as the rule of unanimity).[2]  See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985); see also Green v. America Online, 318 F.3d 465, 470 (3d Cir. 2003) (noting the "general rule that all defendants must join in a notice of removal").[3] The Stovers contend that their failure to obtain the concurrence of all defendants does not deprive this court of jurisdiction.  (See Doc. 20 at 9.)  Although the Stovers are correct that a procedural defect does not deprive this court of jurisdiction, see Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995), remand is still appropriate if all served defendants do not join in a notice of removal, see Johnson v. Vertis, Inc., No. 02-6711, 2002 WL 31388817, at *1 (E.D. Pa. Oct. 23, 2002) (holding that remand was warranted when the notice of removal was defective).

In the matter *sub judice*, the Stovers argue that there is no evidence that Klugh was served with the amended complaint adding the RICO claim, and that, therefore, they did not need to seek his concurrence.  (See Doc. 20 at 9); see also Johnson, 2002 WL 31388817, at *1 (stating that an exception to the unanimity rule

---

[2] Exceptions to the unanimity rule are where "(1) a non-joining defendant is an unknown or nominal party; or (2) . . . a defendant has been fraudulently joined." Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. 1995).  The Stovers have not argued that any of these exceptions apply in the matter *sub judice*.

[3] The Stovers argue that the removal statute does not require them to obtain consent or concurrence of other defendants prior to filing a notice of removal.  (See Doc. 20 at 5.)  However, Third Circuit precedent clearly requires all defendants to join in a removal petition, even if joinder timely occurs after the notice of removal is filed.  See Balazik, 44 F.3d at 213 ("Despite the ambiguity of the term 'defendant or defendants' [in the removal statute,] it is well established that removal generally requires unanimity among the defendants."); see also Johnson v. Vertis, Inc., No. 02-6711, 2002 WL 31388817, at *1 (E.D. Pa. Oct. 23, 2002); Morganti v. Armstrong Blum Mfg. Co., No. 00-6343, 2001 WL 283135, at *2 (E.D. Pa. Mar. 19, 2001).

"provides that 'defendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are also not required to join in the notice of removal or otherwise consent to removal.'" (citation omitted)). Even assuming, *arguendo*, that Klugh was not served with the amended complaint, all *served* defendants failed to join in the notice of removal properly.

The Stovers do not contend that Amway was not served with the amended complaint. Instead, they refer to their certificate of concurrence/non-concurrence, which indicates that Amway concurred in their notice of removal. However, Amway did not separately join in the notice of removal. See, e.g., Green v. Target Stores, Inc., 305 F. Supp. 2d 448, 450 (E.D. Pa. 2004); see also Morganti v. Armstrong Blum Mfg. Co., No. 00-6343, 2001 WL 283135, at *2 (E.D. Pa. Mar. 19, 2001) (recognizing that "consent to join in a notice of removal must be express, official and unambiguous"). The court agrees with its sister court that one defendant merely noting the concurrence of another defendant is insufficient to satisfy the unanimity rule. See, e.g., Green, 305 F. Supp. 2d at 450 ("One defendant may not speak for another in filing a notice of removal."); see also Morganti, 2001 WL 283135, at *2 ("[One defendant's] statement in its notice of removal regarding [another defendant's] consent is therefore insufficient to establish that both defendants consented to join in the removal within the requisite thirty day period."). Therefore, the court finds that the removal in the instant action is

procedurally defective.  Accordingly, the court will grant plaintiff's motion to remand.[4]

    An appropriate order will issue.

                                                  /s/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge

Dated:      December 22, 2006

---

[4] The order of court dated November 14, 2006 (Doc. 10) permitted plaintiff to file subpoenas and indicated that the court would direct service of them.  Given that the court will remand this case to state court, it will *not* direct service of plaintiff's subpoenas.  Instead, the court will direct the Clerk of Court to return the completed subpoenas to plaintiff.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD SATERSTAD,** | : | CIVIL ACTION NO. 1:06-CV-2070 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **KEVIN STOVER**, et al., | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 22nd day of December, 2006, upon consideration of *pro se* plaintiff's motion to remand (Doc. 12), and the subpoenas completed by plaintiff pursuant to the order of court dated November 14, 2006 (Doc. 10), and for the reasons set forth in the accompany memorandum, it is hereby ORDERED that:

1. The motion to remand (Doc. 12) is GRANTED.

2. The above-captioned case is REMANDED to the Court of Common Pleas of Dauphin County. See 28 U.S.C. § 1447(c).

3. The Clerk of Court shall return the attached subpoenas to plaintiff.

4. The Clerk of Court is directed to CLOSE this case.

        /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge