IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD SATERSTAD,** : | CIVIL ACTION NO. 1:06-CV-2070 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **KEVIN STOVER**, et al., : | |
| : | |
| **Defendants** : | |

### ORDER

AND NOW, this 9th day of April, 2007, upon consideration of *pro se* plaintiff's motion (Doc. 32) seeking payment of expenses incurred as a result of defendants' removal of the above-captioned case,[1] see 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); see also Siebert v. Norwest Bank Minn., 166 F. App'x 603, 606 (3d Cir. 2006) ("[F]ee awards under [28 U.S.C. § 1447(c)] are collateral issues over which federal courts retain jurisdiction after remand." (citing Mints v. Educ. Testing Serv., 99 F.3d 1253, 1258 (3d Cir. 1996))), and the court finding that the removal was not unreasonable nor frivolous because plaintiff included a federal claim in his amended complaint in state court, see Martin v. Franklin Capital Corp., 546 U.S. 123, 126 S. Ct. 704, 711 (2005) ("[T]he standard for awarding fees should turn on the reasonableness of the removal.

---

[1] The order of court dated December 22, 2006 (Doc. 28) remanded the above-captioned case because of procedural defects in defendants Kevin Stover and Kelly Stover's notice of removal (i.e., all defendants did not join in the notice of removal).

Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); Siebert, 166 F. App'x at 607 (stating that the issue of awarding fees is within the discretion of the district court and noting that "it is not necessarily an abuse of discretion to deny a fee request where a removal attempt failed for procedural reasons"), and that defendants Kevin Stover and Kelly Stover did not act in bad faith, see id. ("Bad faith on the part of the removing party is not a prerequisite to an award of attorneys fees, but it is a consideration."), it is hereby ORDERED that plaintiff's motion (Doc. 32) seeking payment of expenses incurred as a result of defendants' removal of the above-captioned case is DENIED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge